DMAP Pro Se: General Complaint

# United States District Court

Click here to enter text.

Harrison Jr., Marco

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Jesus M. Iriarte
TD AUTO FINANCE/
"TD BANK N.A"

_____

*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the
space provided, please write "see attached" in the space
above and attach an additional sheet of paper with the full list
of names. The names listed in the above caption must be
identical to those contained in Section I. Do not include
addresses here.)*

**Case No.** 1:23-CV-141-GHD-DAS
(To be filled out by Clerk's
Office only)

## COMPLAINT

Jury Demand?
☐ Yes
☑ No

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from
public access to electronic court files. Under this rule, papers filed with the court should *not*
contain: an individual's full social security number or full birth date; the full name of a person
known to be a minor; or a complete financial account number. A filing may include *only*: the last
four digits of a social security number; the year of an individual's birth; a minor's initials; and
the last four digits of a financial account number.

If this is an employment discrimination claim or social security claim, please use a different
form.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other
materials to the Clerk's Office with this complaint.**

## I.    PARTIES IN THIS COMPLAINT

**Plaintiff**

*List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.*

Plaintiff:     Harrison Jr , Marco V.
Name (Last, First, MI)

188 Betty Dr.
Street Address

Lowndes , Columbus   MS       39705
County, City                State        Zip Code

662-630-1995          Harrisonmarco@yahoo.com
Telephone Number          E-mail Address (if available)

**Defendant(s)**

*List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1:     Iriarte , Jesus
Name (Last, First)

27777   Inkster Rd.
Street Address

Farmington Hills , MI      48336
County, City            State        Zip Code

Defendant 2:     Finance , TD Auto
Name (Last, First)

27777   Inkster Rd
Street Address

Farmington Hills    MI       48336
County, City        State        Zip Code

DMAP Pro Se: General Complaint

**Defendant(s) Continued**

Defendant 3: _____
　　　　　　　Name (Last, First)

　　　　　　　_____
　　　　　　　Street Address

　　　　　　　_____
　　　　　　　County, City　　　　　State　　　　　Zip Code


Defendant 4: _____
　　　　　　　Name (Last, First)

　　　　　　　_____
　　　　　　　Street Address

　　　　　　　_____
　　　　　　　County, City　　　　　State　　　　　Zip Code


## II.　　BASIS FOR JURISDICTION

*Check the option that best describes the basis for jurisdiction in your case:*

☐ **U.S. Government Defendant:** United States or a federal official or agency is a defendant.

☐ **Diversity of Citizenship:** A matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000.

☑ **Federal Question:** Claim arises under the Constitution, laws, or treaties of the United States.

If you chose "Federal Question", state which of your federal constitutional or federal statutory rights have been violated.

Securities Fraud　　　　　• 18 USC§8
• 15 US Code § 1605　　　•Cestui Que Vie ACT 1606
• 12 US Code § 1431
• Bill of Exchange Act

DMAP Pro Se: General Complaint

## III. VENUE

*This court can hear cases arising out of Click here to enter text.*

*Under 28 U.S.C § 1391, this is the right court to file your lawsuit if: (1) All defendants live in this state AND at least one of the defendants lives in this district; OR (2) A substantial part of the events you are suing about happened in this district; OR (3) A substantial part of the property that you are suing about is located in this district; OR (4) You are suing the U.S. government or a federal agency or official in their official capacities and you live in this district. Explain why this district court is the proper location to file your lawsuit.*

Venue is appropriate in this Court because:

The billing address that the payments come to: 188 Betty Dr. Columbus, MS 39705 is within the district.

## IV. STATEMENT OF CLAIM

Place(s) of occurrence: Columbus, MS

Date(s) of occurrence: September - Oct 2023

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions.*

**FACTS:**

What happened to you?

- There is a breach in the contract.
- This is a consumer credit transaction, so cash will not be used as a payment.

TD Auto Finance and Jesus Iriarte are committing securities fraud by applying the balance to Harrison Jr, Marco instead of MARCO V. HARRISON JR every month.

Page **4** of **8**

DMAP Pro Se: General Complaint

> Was anyone else involved?

NO

DMAP Pro Se: General Complaint

**Who did what?**

TD AUTO Finance has applied the payment balance to Harrison Jr.; Marco to pay with cash instead of applying the balance to MARCO V. HARRISON JR.'s credit account.

Jesus Iriarte, cfo, acting as the federal reserve agent did not properly apply MARCO V. HARRISON JR.'s credits to pay off the debt.

## V. INJURIES

*If you sustained injuries related to the events alleged above, describe them here.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## VI. RELIEF

The relief I want the court to order is:

☐ Money damages in the amount of: $ _____

☑ Other (explain):

I, Harrison Jr. Marco, would like for Jesus Inarte to apply the credits from MARCO V. HARRISON's account to pay off the payments (car note, car insurance, and life insurance, car servicing) associated with 2019 White Ford Mustang GT Premium Vehicle ID: 1FA6P8CF3K5124389

_____

_____

_____

## VII.   CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

10/13/23
Dated

*Marco V. Harrison Jr.*
Plaintiff's Signature

Harrison Jr., Marco V.
Printed Name (Last, First, MI)

188 Betty Dr.          Columbus          MS          39705
Address                    City                     State       Zip Code

662-630-1995
Telephone Number

Harrisonmarco@yahoo.com
E-mail Address (if available)

*List the same information for any additional plaintiffs named. Attach additional sheets of paper as necessary.*

# *DURABLE POWER OF ATTORNEY*

I, MARCO HARRISON JR., residing at 188 Betty Dr, Columbus, Mississippi 39705, hereby appoint Harrison Jr., Marco of 188 Betty Dr, Columbus, Mississippi 39705, as my attorney-in-fact ("Agent") to exercise the powers and discretions described below.

This Power of Attorney shall not be affected by my subsequent incapacity.

I hereby revoke any and all general powers of attorney and special powers of attorney that previously have been signed by me.

My Agent shall have full power and authority to act on my behalf. This power and authority shall authorize my Agent to manage and conduct all of my affairs and to exercise all of my legal rights and powers, including all rights and powers that I may acquire in the future. My Agent's powers shall include, but not be limited to, the power to:

1. Open, maintain or close bank accounts (including, but not limited to, checking accounts, savings accounts, and certificates of deposit), brokerage accounts, retirement plan accounts, and other similar accounts with financial institutions.

    a. Conduct any business with any banking or financial institution with respect to any of my accounts, including, but not limited to, making deposits and withdrawals, negotiating or endorsing any checks or other instruments with respect to any such accounts, obtaining bank statements, passbooks, drafts, money orders, warrants, and certificates or vouchers payable to me by any person, firm, corporation or political entity.

    b. Add, delete or change beneficiaries to any financial accounts I own including insurance policies, annuities, retirement accounts, payable on death savings or checking accounts or other investments.

    c. Perform any act necessary to deposit, negotiate, sell or transfer any note, security, or draft of the United States of America, including U.S. Treasury Securities.

    d. Have access to any safe deposit box that I might own, including its contents.

2. Provide for the support and protection of myself, my spouse, or of any minor child I have a duty to support or have established a pattern of prior support, including, without limitation, provision for food, lodging, housing, medical services, recreation and travel.

3. Sell, exchange, buy, invest, or reinvest any assets or property owned by me. Such assets or property may include income producing or non-income producing assets and property.

4. Purchase and/or maintain insurance and annuity contracts, including life insurance upon my

life or the life of any other appropriate person.

5. Take any and all legal steps necessary to collect any amount or debt owed to me, or to settle any claim, whether made against me or asserted on my behalf against any other person or entity.

6. Enter into binding contracts on my behalf.

7. Exercise all stock rights on my behalf as my proxy, including all rights with respect to stocks, bonds, debentures, commodities, options or other investments.

8. Maintain and/or operate any business that I may own.

9. Employ professional and business assistance as may be appropriate, including attorneys, accountants, and real estate agents.

10. Sell, convey, lease, mortgage, manage, insure, improve, repair, or perform any other act with respect to any of my property (now owned or later acquired) including, but not limited to, real estate and real estate rights (including the right to remove tenants and to recover possession). This includes the right to sell or encumber any homestead that I now own or may own in the future.

11. Prepare, sign, and file documents with any governmental body or agency, including, but not limited to, authorization to:

   a. Prepare, sign and file income and other tax returns with federal, state, local, and other governmental bodies.

   b. Obtain information or documents from any government or its agencies, and represent me in all tax matters, including the authority to negotiate, compromise, or settle any matter with such government or agency.

   c. Prepare applications, provide information, and perform any other act reasonably requested by any government or its agencies in connection with governmental benefits (including medical, military and social security benefits), and to appoint anyone, including my Agent, to act as my "Representative Payee" for the purpose of receiving Social Security benefits.

12. Make gifts from my assets to members of my family and to such other persons or charitable organizations with whom I have an established pattern of giving (or if it is appropriate to make such gifts for estate planning and/or tax purposes), to file state and federal gift tax returns, and to file a tax election to split gifts with my spouse, if any. No Agent acting under this instrument, except as specifically authorized in this instrument, shall have the power or authority to (a) gift, appoint, assign or designate any of my assets, interests or rights, directly or indirectly, to such Agent, such Agent's estate, such Agent's creditors, or the

creditors of such Agent's estate, (b) exercise any powers of appointment I may hold in favor of such Agent, such Agent's estate, such Agent's creditors, or the creditors of such Agent's estate, or (c) use any of my assets to discharge any of such Agent's legal obligations, including any obligations of support which such Agent may owe to others, *excluding* those whom I am legally obligated to support.

13. To transfer any of my assets to the trustee of any revocable trust created by me, if such trust is in existence at the time of such transfer.

14. To utilize my assets to fund a trust not created by me, but to which I have either established a pattern of funding, or to fund a trust created by my Agent for my benefit or the benefit of my dependents, heirs or devisees upon the advice of a financial adviser.

15. To create, sign, modify or revoke any trust agreements or other trust documents in an attempt to manage or create a trust that was created for my benefit or the benefit of my dependents, heirs or devisees. This shall include the creation, modification or revocation of any inter vivos, family living, irrevocable or revocable trusts.

16. Subject to other provisions of this document, my Agent may disclaim any interest, which might otherwise be transferred or distributed to me from any other person, estate, trust, or other entity, as may be appropriate. However, my Agent may not disclaim assets to which I would be entitled, if the result is that the disclaimed assets pass directly or indirectly to my Agent or my Agent's estate. Provided that they are not the same person, my Agent may disclaim assets which pass to my Gift Agent, and my Gift Agent may disclaim assets which pass to my Agent.

17. Have access to my healthcare and medical records and statements regarding billing, insurance and payments.

This Power of Attorney shall be construed broadly as a General Power of Attorney. The listing of specific powers is not intended to limit or restrict the general powers granted in this Power of Attorney in any manner.

Any power or authority granted to my Agent under this document shall be limited to the extent necessary to prevent this Power of Attorney from causing, (i) my income to be taxable to my Agent, (ii) my assets to be subject to a general power of appointment by my Agent, or (iii) my Agent to have any incidents of ownership with respect to any life insurance policies that I may own on the life of my Agent.

My Agent shall not be liable for any loss that results from a judgment error that was made in good faith. However, my Agent shall be liable for willful misconduct or the failure to act in good faith while acting under the authority of this Power of Attorney. A Successor Agent shall not be liable for acts of a prior Agent.

No person who relies in good faith on the authority of my Agent under this instrument shall incur

any liability to me, my estate or my personal representative. I authorize my Agent to indemnify and hold harmless any third party who accepts and acts under this document.

If any part of any provision of this instrument shall be invalid or unenforceable under applicable law, such part shall be ineffective to the extent of such invalidity only, without in any way affecting the remaining parts of such provision or the remaining provisions of this instrument.

My Agent shall be entitled to reasonable compensation for any services provided as my Agent. My Agent shall be entitled to reimbursement of all reasonable expenses incurred as a result of carrying out any provision of this Power of Attorney.

My Agent shall provide an accounting for all funds handled and all acts performed as my Agent as required under state law or upon my request or the request of any authorized personal representative, fiduciary or court of record acting on my behalf.

This Power of Attorney shall become effective on September 05, 2023, and shall not be affected by my disability or lack of mental competence, except as may be provided otherwise by an applicable state statute. This is a Durable Power of Attorney. This Power of Attorney shall continue effective until my death. This Power of Attorney may be revoked by me at any time by providing written notice to my Agent.

**[SIGNATURE PAGE FOLLOWS]**

Dated _05 Sept_ , _2023_, at Columbus, Mississippi.


_MARCO HARRISON JR._
MARCO HARRISON JR.



STATE OF MISSISSIPPI,
COUNTY OF LOWNDES, ss:

On this 5th day of _September_ , _2023_, before me,
_Teaerra Frison_ , personally appeared MARCO HARRISON JR.,
known to me (or satisfactorily proven) to be the person whose name is subscribed to the within
instrument and acknowledged that he/she executed the same as for the purposes therein contained.


Notary Public


My commission expires 9|20|2026

ID # 125583
TEAERRA FRISON
Commission Expires
Sept. 30, 2026

09/19/2023

INSTRUCTIONS

REMEDY

LETTER FOR CREDIT

CREDIT CLAIM

I, Harrison Jr., Marco/Agent here on the behalf of MARCO HARRISON JR./Principal hereby accepts all title, rights, interest and equity owed to the MARCO HARRISON JR./Principal. I hereby instruct Jesus M. Iriarte to apply the principal's balance to the principal's account number 1104623593 every billing cycle. I hereby instruct Jesus M. Iriarte to respond in writing if these instructions can not be completed. You have five business days to respond. If I do not receive anything in five business days, I can assume these instructions have been successfully performed.

By: Harrison Jr., Marco

For: MARCO HARRISON JR.

Without recourse A.R.R.

*09/27/23*
*Opportunity to Cure*

REMEDY

LETTER FOR CREDIT

CREDIT CLAIM

I, Harrison Jr., Marco/Agent here on the behalf of MARCO HARRISON JR./Principal hereby accepts all title, rights, interest and equity owed to the MARCO HARRISON JR./Principal. I hereby instruct Jesus M. Iriarte to apply the principal's balance to the principal's account number 1104623593 every billing cycle. I hereby instruct Jesus M. Iriarte to respond in writing if these instructions can not be completed. You have five business days to respond. If I do not receive anything in five business days, I can assume these instructions have been successfully performed.

By: Harrison Jr., Marco

For: MARCO HARRISON JR.

Without recourse A.R.R.

*10/06/23*
*Default Judgment*

**REMEDY**

**LETTER FOR CREDIT**

**CREDIT CLAIM**

I, Harrison Jr., Marco/Agent here on the behalf of MARCO HARRISON JR./Principal hereby accepts all title, rights, interest and equity owed to the MARCO HARRISON JR./Principal. I hereby instruct Jesus M. Iriarte to apply the principal's balance to the principal's account number I 104623593 every billing cycle. I hereby instruct Jesus M. Iriarte to respond in writing if these instructions can not be completed. You have five business days to respond. If I do not receive anything in five business days, I can assume these instructions have been successfully performed.

By: Harrison Jr., Marco

For: MARCO HARRISON JR.

Without recourse A.R.R.

On the behalf of the estate, MARCO HARRISON, I am declaring that I am alive; not lost at sea. Based on the Cestui Que Vie ACT 1666, I am entitled to equity in our contract together. 18 US Code 8 also states that the term "obligation or other security of the United States" includes all bills. This notice is an order to TD Bank N.A. that all bills are paid in full out of the estate's, MARCO HARRISON account. This will be effective every month of the calendar year by due date.

Marco Harrison Jr.

Marco Harrison Jr.

LII > U.S. Code > Title 12 > CHAPTER 11 > **§ 1431**

Quick search by citation:
**Title**

enter title

**Section**

section

Go!

# 12 U.S. Code § 1431 - Powers and duties of banks

U.S. Code    Notes

**(a) BORROWING MONEY; ISSUING BONDS AND DEBENTURES; GENERAL POWERS**
Each Federal Home Loan Bank shall have power, subject to rules and regulations prescribed by the Director, to borrow and give security therefor and to pay interest thereon, to issue debentures, bonds, or other obligations upon such terms and conditions as the Director may approve, and to do all things necessary for carrying out the provisions of this chapter and all things incident thereto.

**(b) ISSUANCE OF CONSOLIDATED FEDERAL HOME LOAN BANK DEBENTURES; RESTRICTIONS**
The Office of Finance, as agent for the Banks, may issue consolidated Federal Home Loan Bank debentures which shall be the joint and several obligations of all Federal Home Loan Banks organized and existing under this chapter, in order to provide funds for any such bank or banks, and such debentures shall be issued upon such

terms and conditions as such Office may prescribe. No such debentures shall be issued at any time if any of the assets of any Federal Home Loan Bank are pledged to secure any debts or subject to any lien, and neither the Office of Finance nor any Federal Home Loan Bank shall have power to pledge any of the assets of any Federal Home Loan Bank, or voluntarily to permit any lien to attach to the same while any of such debentures so issued are outstanding. The debentures issued under this section and outstanding shall at no time exceed five times the total paid-in capital of all the Federal Home Loan Banks as of the time of the issue of such debentures. It shall be the duty of the Office of Finance not to issue debentures under this section in excess of the notes or obligations of member institutions held and secured under section 1430(a) of this title by all the Federal Home Loan Banks.

**(c)** ISSUANCE OF FEDERAL HOME LOAN BANK BONDS

At any time that no debentures are outstanding under this chapter, or in order to refund all outstanding consolidated debentures issued under this section, the Office of Finance, as agent for the Banks, may issue consolidated Federal Home Loan Bank bonds which shall be the joint and several obligations of all the Federal Home Loan Banks, and shall be secured and be issued upon such terms and conditions as such Office may prescribe.

**(d)** ADDITIONAL OR SUBSTITUTED COLLATERAL ON ADJUSTMENT OF EQUITIES

The Director shall have full power to require any Federal Home Loan Bank to deposit additional collateral or to make substitutions of collateral or to adjust equities between the Federal Home Loan Banks.

**(e)** ACCEPTANCE OF DEPOSITS; RESTRICTIONS ON TRANSACTION OF BANKING BUSINESS; COLLECTION AND SETTLEMENT OF CHECKS, DRAFTS, ETC.; CHARGES; RULES AND REGULATIONS

**(1)** Each Federal Home Loan Bank shall have power to accept deposits made by members of such bank or by any other Federal Home Loan Bank or other instrumentality of the United States, upon such terms and conditions as the Director may prescribe, but no Federal Home Loan Bank shall transact any banking or other business not incidental to activities authorized by this chapter.

**(2)**

**(A)** The Director may, subject to such rules and regulations, including definitions of terms used in this paragraph, as the Director shall from time to time prescribe, authorize Federal Home Loan Banks to be drawees of, and to engage in, or be agents or intermediaries for, or otherwise participate or assist in, the collection and settlement of (including presentment, clearing, and payment of, and remitting for), checks, drafts,

or any other negotiable or nonnegotiable items or instruments of payment drawn on or issued by members of any Federal Home Loan Bank or by institutions which are eligible to make application to become members pursuant to section 1424 of this title, and to have such incidental powers as the Director shall find necessary for the exercise of any such authorization.

**(B)** A Federal Home Loan Bank shall make charges, to be determined and regulated by the Director consistent with the principles set forth in section 248a(c) of this title, or utilize the services of, or act as agent for, or be a member of, a Federal Reserve bank, clearinghouse, or any other public or private financial institution or other agency, in the exercise of any powers or functions pursuant to this paragraph.

**(C)** The Director is authorized, with respect to participation in the collection and settlement of any items by Federal Home Loan Banks, and with respect to the collection and settlement (including payment by the payor institution) of items payable by Federal savings and loan associations and Federal mutual savings banks, to prescribe rules and regulations regarding the rights, powers, responsibilities, duties, and liabilities, including standards relating thereto, of such Federal Home Loan Banks, associations, or banks and other parties to any such items or their collection and settlement. In prescribing such rules and regulations, the Director may adopt or apply, in whole or in part, general banking usage and practices, and, in instances or respects in which they would otherwise not be applicable, Federal Reserve regulations and operating letters, the Uniform Commercial Code, and clearinghouse rules.

**(f)** REDISCOUNT OF NOTES HELD BY OTHER BANKS; PURCHASE OF BONDS OF OTHER BANKS
The Director is authorized and empowered to permit or to require Federal Home Loan Banks, upon such terms and conditions as the Director may prescribe, to rediscount the discounted notes of members held by other Federal Home Loan Banks, or to make loans to, or make deposits with, such other Federal Home Loan Banks, or to purchase any bonds or debentures issued under this section.

**(g)** RESERVES
Each Federal Home Loan Bank shall at all times have at least an amount equal to the current deposits received from its members invested in (1) obligations of the United States, (2) deposits in banks or trust companies, (3) advances with a maturity of not to exceed five years which are made to members, upon such terms and conditions as the Director may prescribe, and (4) advances with a maturity of not to exceed five years which are made to members whose creditor liabilities (not

LII > U.S. Code > Title 15 > CHAPTER 41 > SUBCHAPTER I > Part A > § 1605

Quick search by citation:

**Title**

enter title

**Section**

section

Go!

# 15 U.S. Code § 1605 - Determination of finance charge

U.S. Code        Notes

**(a) "FINANCE CHARGE" DEFINED**

Except as otherwise provided in this section, the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit. The finance charge does not include charges of a type payable in a comparable cash transaction. The finance charge shall not include fees and amounts imposed by third party closing agents (including settlement agents, attorneys, and escrow and title companies) if the creditor does not require the imposition of the charges or the services provided and does not retain the charges. Examples of charges

which are included in the finance charge include any of the following types of charges which are applicable:

**(1)** Interest, time price differential, and any amount payable under a point, discount, or other system or additional charges.

**(2)** Service or carrying charge.

**(3)** Loan fee, finder's fee, or similar charge.

**(4)** Fee for an investigation or credit report.

**(5)** Premium or other charge for any guarantee or insurance protecting the creditor against the obligor's default or other credit loss.

**(6)** Borrower-paid mortgage broker fees, including fees paid directly to the broker or the lender (for delivery to the broker) whether such fees are paid in cash or financed.

**(b)** LIFE, ACCIDENT, OR HEALTH INSURANCE PREMIUMS INCLUDED IN FINANCE CHARGE

Charges or premiums for credit life, accident, or health insurance written in connection with any consumer credit transaction shall be included in the finance charges unless

**(1)** the coverage of the debtor by the insurance is not a factor in the approval by the creditor of the extension of credit, and this fact is clearly disclosed in writing to the person applying for or obtaining the extension of credit; and

**(2)** in order to obtain the insurance in connection with the extension of credit, the person to whom the credit is extended must give specific affirmative written indication of his desire to do so after written disclosure to him of the cost thereof.

**(c)** PROPERTY DAMAGE AND LIABILITY INSURANCE PREMIUMS INCLUDED IN FINANCE CHARGE

Charges or premiums for insurance, written in connection with any consumer credit transaction, against loss of or damage to property or against liability arising out of the ownership or use of property, shall be included in the finance charge unless a clear and specific statement in writing is furnished by the creditor to the person to whom the credit is extended, setting forth the cost of the insurance if obtained from or through the creditor, and stating that the person to whom the credit is extended may choose the person through which the insurance is to be obtained.

**Cookies on Legislation.gov.uk**

The cookies on legislation.gov.uk do two things: they remember any settings you've chosen so you don't have to choose them on every page, and they help us understand how people browse our website, so we can make improvements and fix problems. We need your consent to use some of these cookies.

Yes, these cookies are OK          Find out more or set individual cookie preferences          No, I want to reject all cookies

Cymraeg

Home    Browse Legislation    New Legislation    Coronavirus Legislation    Changes To Legislation          Search Legislation

Title: [            ]    Year: [      ]    Number: [      ]    Type: [All UK Legislation (excluding originating from the EU) ▾]          Search

Advanced Search (including Welsh legislation in Welsh language)

# Cestui Que Vie Act 1666

Acts of the English Parliament    1666 c. 11 (Regnal. 18_and_19_Cha_2)    Whole Act

Table of Contents    Content    More Resources ⊕

Previous    Next                                          Plain View    Print Options

**Changes over time for: Cestui Que Vie Act 1666**                    ⊘

01/02/1991

**Changes to legislation:** There are currently no known outstanding effects for the Cestui Que Vie Act 1666. ⊘



## Cestui Que Vie Act 1666

### 1666 CHAPTER 11 18 and 19 Cha 2

An Act for Redresse of Inconveniencies by want of Proofe of the Deceases of Persons beyond the Seas or absenting themselves, upon whose Lives Estates doe depend.

[X1] **Recital that Cestui que vies have gone beyond Sea, and that Reversioners cannot find out whether they are alive or dead.**

Whereas diverse Lords of Mannours and others have granted Estates by Lease for one or more life or lives, or else for yeares determinable upon one or more life or lives And it hath often happened that such person or persons for whose life or lives such Estates have beene granted have gone beyond the Seas or soe absented themselves for many yeares that the Lessors and Reversioners cannot finde out whether such person or persons be alive or dead by reason whereof such Lessors and Reversioners have beene held out of possession of their Tenements for many yeares after all the lives upon which such Estates depend are dead in regard that the Lessors and Reversioners when they have brought Actions for the recovery of their Tenements have beene putt upon it to prove the death of their Tennants when it is almost impossible for them to discover the same, For remedy of which mischeife soe frequently happening to such Lessors or Reversioners.

| Editorial Information | |
|---|---|
| X1 | Abbreviations or contractions in the original form of this Act have been expanded into modern lettering in the text set out above and below. |

| Modifications etc. (not altering text) | |
|---|---|
| C1 | Short title "The Cestui que Vie Act 1666" given by Statute Law Revision Act 1948 (c. 62), Sch. 2 |
| C2 | Preamble omitted in part under authority of Statute Law Revision Act 1948 (c. 62), Sch. 1 |
| C3 | Certain words of enactment repealed by Statute Law Revision Act 1888 (c. 3) and remainder omitted under authority of Statute Law Revision Act 1948 (c. 62), s. 3 |

[I.]    **Cestui que vie remaining beyond Sea for Seven Years together and no Proof of their Lives, Judge in Action to direct a Verdict as though Cestui que vie were dead.**

If such person or persons for whose life or lives such Estates have beene or shall be granted as aforesaid shall remaine beyond the Seas or elsewhere absent themselves in this Realme by the space of seaven yeares together and noe sufficient and evident proofe be made of the lives of such person or persons respectively in any Action commenced for recovery of such Tenements by the Lessors or Reversioners in every such case the person or persons upon whose life or lives such Estate depended shall be accounted as naturally

dead, And in every Action brought for the recovery of the said Tenements by the Lessors or Reversioners their Heires or Assignes, the Judges before whom such Action shall be brought shall direct the Jury to give their Verdict as if the person soe remaining beyond the Seas or otherwise absenting himselfe were dead.

II .............................. F1

**Textual Amendments**

F1    S. II repealed by Statute Law Revision Act 1948 (c. 62), Sch. 1

III .............................. F2

**Textual Amendments**

F2    S. III repealed by Statute Law Revision Act 1863 (c. 125)

IV    **If the supposed dead Man prove to be alive, then the Title is revested. Action for mean Profits with Interest.**

[X2Provided alwayes That if any person or [X3person or] persons shall be evicted out of any Lands or Tenements by vertue of this Act, and afterwards if such person or persons upon whose life or lives such Estate or Estates depend shall returne againe from beyond the Seas, or shall on proofe in any Action to be brought for recovery of the same [X3to] be made appeare to be liveing; or to have beene living at the time of the Eviction That then and from thenceforth the Tennant or Lessee who was ouled of the same his or their Executors Administrators or Assignes shall or may reenter repossesse have hold and enjoy the said Lands or Tenements in his or their former Estate for and dureing the Life or Lives or soe long terme as the said person or persons upon whose Life or Lives the said Estate or Estates depend shall be liveing, and alsoe shall upon Action or Actions to be brought by him or them against the Lessors Reversioners or Tennants in possession or other persons respectively which since the time of the said Eviction received the Profitts of the said Lands or Tenements recover for damages the full Profitts of the said Lands or Tenements respectively with lawfull Interest for and from the time that he or they were ouled of the said Lands or Tenements, and kepte or held out of the same by the said Lessors Reversioners Tennants or other persons who after the said Eviction received the Profitts of the said Lands or Tenements or any of them respectively as well in the case when the said person or persons upon whose Life or Lives such Estate or Estates did depend are or shall be dead at the time of bringing of the said Action or Actions as if the said person or persons where then living.]

**Editorial Information**

X2    annexed to the Original Act in a separate Schedule

X3    Variant reading of the text noted in *The Statutes of the Realm* as follows: O. omits [O. refers to a collection in the library of Trinity College, Cambridge]

Previous      Next

Help    About Us    Site Map    Accessibility    Contact Us    Privacy Notice    Cookies                                           Back to top

OGL    All content is available under the Open Government Licence v3.0 except where otherwise stated. This site additionally contains content derived from EUR-Lex, reused under the terms of the Commission Decision 2011/833/EU on the reuse of documents from the EU institutions. For more information see the EUR-Lex public statement on re-use.

© Crown and database right

LII > U.S. Code > Title 18 > PART I > CHAPTER 1 > §8

Quick search by citation:

**Title**

enter title

**Section**

section

Go!

# 18 U.S. Code § 8 - Obligation or other security of the United States defined

U.S. Code     Notes

The term "obligation or other security of the United States" includes all bonds, certificates of indebtedness, national bank currency, Federal Reserve notes, Federal Reserve bank notes, coupons, United States notes, Treasury notes, gold certificates, silver certificates, fractional notes, certificates of deposit, bills, checks, or drafts for money, drawn by or upon authorized officers of the United States, stamps and other representatives of value, of whatever denomination, issued under any Act of Congress, and canceled United States stamps.

(June 25, 1948, ch. 645, 62 Stat. 685.)

# Bills of Exchange Act, 1882.

## [45 & 46 Vict. Ch. 61.]

### ARRANGEMENT OF SECTIONS.

A.D. 1882.

## PART I.

### PRELIMINARY.

Section.
1. Short title.
2. Interpretation of terms.

## PART II.

### BILLS OF EXCHANGE.

#### *Form and Interpretation.*

3. Bill of exchange defined.
4. Inland and foreign bills.
5. Effect where different parties to bill are the same person.
6. Address to drawee.
7. Certainty required as to payee.
8. What bills are negotiable.
9. Sum payable.
10. Bill payable on demand.
11. Bill payable at a future time.
12. Omission of date in bill payable after date.
13. Ante-dating and post-dating.
14. Computation of time of payment.
15. Case of need.
16. Optional stipulations by drawer or indorser.
17. Definition and requisites of acceptance.
18. Time for acceptance.
19. General and qualified acceptances.

[*Public.–61.*]   A   1



780022241000

## Application for Title



DEPARTMENT OF
REVENUE
STATE OF MISSISSIPPI



Application #:  W0688732672

| County Code  LOWNDES | Date  13-Sep-2023 | ☐ Fast Track Application |
|---|---|---|

| Lessor (if Leased) | Lessor Mailing Address |
|---|---|

| Owner(s) or Lessee(s) if Leased | Registered Physical Address (DO NOT GIVE A PO BOX) |
|---|---|
| FIRST  HARRISON, MARCO | 188 BETTY DR |
|  | COLUMBUS MS 39705-0322 |

☐ AND    ☐ AND / OR    ☐ OR

Registered Mailing Address (if Different)

Beneficiary

| Vehicle ID | Year | Make | Model | Body Style |
|---|---|---|---|---|
| 1FA6P8CF3K5124389 | 2019 | FORD | MUSTANG | Coupe |

☐ Provisional

| Vehicle Type | Fuel Type | Color | Unladen Weight |
|---|---|---|---|
| Passenger Car | Gasoline | White | 3,705 |

| Seats | Axles | Cylinders | Gross Vehicle Weight |
|---|---|---|---|
| 0 | 0 | 8 | 3,705 |

| Purchase Date | New / Used | Odometer Reading | Odometer Code |
|---|---|---|---|
| 13-Sep-2023 | Used | 53,602 | Actual |

**Brands**

☐ Bonded    ☐ Collision    ☐ Fire    ☐ Flooded    ☐ Hail    ☐ Rebuilt    ☐ Salvaged    ☐ Wind

☐ Recovered Theft    ☐ Unrecovered Theft    ☐ Other

| Primary Lienholder's Information | Secondary Lienholder's Information |
|---|---|
| TD BANK, N.A. |  |
| PO BOX 675 |  |
| WILMINGTON OH 45177-0675 |  |
| Date of Lien  13-Sep-2023 | Date of Lien |

| Designated Agent | I/WE, THE UNDERSIGNED, CERTIFY THAT THE VEHICLE DESCRIBED ABOVE IS OWNED BY ME AND I HEREBY MAKE APPLICATION FOR A CERTIFICATE OF TITLE FOR SAID MOTOR VEHICLE, AND THIS VEHICLE WILL NOT BE SUBJECT TO LIEN PRIOR TO RECEIPT OF THE TITLE UNLESS INDICATED ABOVE. |
|---|---|
| CARL HOGAN MOTORS INC | |
| Designated Agent Number | **DISCLOSURE STATEMENT AND PRIVACY ACT NOTICE** DRIVER'S LICENSE NUMBERS ARE REQUIRED BY STATE LAW AND WILL BE USED IN THE ADMINISTRATION OF STATE MOTOR VEHICLE LAWS. THE COMMISSION IS AUTHORIZED TO COLLECT THE INFORMATION PURSUANT TO 42 U.S.C. §405(c)(2)(C) AND MISS CODE ANN §63-21-15. TITLES AND REGISTRATION RECORDS MAY BE RELEASED ONLY PURSUANT TO 18 U.S.C. §§2721-2725. FAILURE TO PROVIDE THE INFORMATION WILL RESULT IN THE DENIAL OF A CERTIFICATE OF TITLE. |
| 64094568200 | |

13-Sep-2023

Signature                    Date

802164099

First Owner/Lessee's Signature                    License #

Print one copy for each of the following: MS Department of Revenue, Owner, Designated Agent, and Lienholder (if Applicable)

Joint Owner/Lessee's Signature                    License #

# Carl Hogan Honda

3621 Hwy. 45 N  Phone 328-8236
COLUMBUS, MISSISSIPPI 39705
carlhoganhonda.com

67657

DEAL: 34052
CUSTOMER: 58189

**SOLD TO** MARCO HARRISON
**ADDRESS** 188 BETTY DRIVE
COLUMBUS MS 39705

DATE 09/13/2023

SALESMAN MATTHEW W JAMES

| Make of Car | Yr. Model | Body Type | Stk No. | Serial No. | New or Used |
|---|---|---|---|---|---|
| FORD | 2019 | GT PREMIUM FASTB A08758 | | 1FA6P8CF3K5124389 | USED |

**TRADE IN**

| | | Cash Price | $ 36451.00 |
|---|---|---|---|
| Make of Car | | +DOC | $ 425.00 |
| Motor No. | | Sales Tax | $ 1796.30 |
| Serial No. | | Warranty | $ 6590.00 |
| | | Total Price | $ 45262.30 |
| Allowance | $ | Cash on Delivery | $ N/A |
| Less Amount Owing | $ | Net Trade-in Allowance | $ N/A |
| Net Allowance | $ | Total Down Payment | $ N/A |
| I Verify Miles To be | | Un-Paid Balance | $ 45262.30 |
| At Time of Delivery | | Fee, Insurance & Finance Charge | $ 10.00 |
| | | TITLE | |
| | | Total Unpaid Balance | $ 45272.30 |
| | | Payments Starting 10/28/2023 | |

*A DOCUMENT/SERVICE FEE IS NOT AN OFFICIAL FEE AND IS NOT REQUIRED BY LAW. HOWEVER, IT MAY BE CHARGED TO A BUYER/LESSEE FOR THE HANDLING OF DOCUMENTS AND THE PERFORMING OF SERVICES RELATED TO THE SALE OR LEASE AND MAY INCLUDE DEALER PROFIT. THIS NOTICE IS REQUIRED BY REGULATION OF THE MISSISSIPPI MOTOR VEHICLE COMMISSION.

Notes And Conditions
Sales Contract Held By
Payable

74    Notes of $    838.59    Each and    1    Notes of $    838.59

I represent and warrant that I have title to and good right to sell and dispose of the Used Car traded in, described above, that there are no liens, claims or incumbrances thereon except as stated above. I certify that I am 18 years of age or over.

Received Payment _____
By _____

Accepted _____

Subscribed and sworn to before me this _____ day
of _____
Notary Public _____
My commission expires _____

*Handwritten notes:*

Accepted

TD BANK, N.A.
WILMINGTON DH 46177-0275

without recourse

Pay to the order of: MARCO HARRISON

Amount: forty-five Thousand two hundred sixty and 3/100

Accepted Marco Harrison
Purchaser

## RETAIL INSTALLMENT SALE CONTRACT — SIMPLE FINANCE CHARGE
### (WITH ARBITRATION PROVISION)

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| MARCO HARRISON 188 BETTY DRIVE COLUMBUS MS 39705 LOWNDES | N/A | CARL HOGAN MOTORS INC 3621 HIGHWAY 45 NORTH COLUMBUS MS 39705 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2019 | FORD MUSTANG | 1FA6P8CF3K5124389 | Personal, family, or household unless otherwise indicated below ☐ business ☐ agricultural ☒ PERSONAL |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0.00 is |
|---|---|---|---|---|
| 18.98 % | $ 17621.95 | $ 45272.27 | $ 62894.25 | $ 62894.25 |

**Your Payment Schedule Will Be:** (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 75 | $ 838.59 | MONTHLY beginning 10/28/2023 |
| N/A | $ N/A | N/A Pay to the order of: MARCO HARRISON |
| N/A | Accepted | Amount; sixty two thousand eight hundred ninety four and 23/100 without recourse |

**Late Charge.** If a payment is not received in full within **10** days after it is due, you will pay a late charge of **5** % of the part of the payment that is late with a maximum charge of $ **5.00**, unless the vehicle is a commercial vehicle. For a commercial vehicle, if payment is not received in full within **15** days after it is due, you will pay a late charge of **4** % of the part of the payment that is late with a minimum charge of $ **5.00** and a maximum charge of $ **50.00**.

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| 1 Cash Price (including $ 1756.36 sales tax) | | $ 37297.36 (1) |
| 2 Total Downpayment = | | |
| Trade-In N/A | | |
| (Year)          (Make)          (Model) | | |
| Gross Trade-In Allowance | $ N/A | |
| Less Pay Off Made By Seller to N/A | $ N/A | |
| Equals Net Trade In | $ N/A | |
| + Cash | $ N/A | |
| + Other N/A | $ N/A | |
| + Other N/A | $ N/A | |
| + Other N/A | $ N/A | |
| (If total downpayment is negative, enter "0" and see 4J below) | $ N/A (2) | |
| 3 Unpaid Balance of Cash Price (1 minus 2) | $ 37297.36 (3) | |
| 4 Other Charges Including Amounts Paid to Others on Your Behalf (Seller may keep part of these amounts): | | |
| A Cost of Optional Credit Insurance Paid to Insurance Company or Companies. Life | $ | |

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

### Optional Credit Insurance

☒ Credit Life: ☒ Buyer ☐ Co-Buyer ☐ Both
☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

**Premium:**

Credit Life $ 100000 = $20.71

Credit Disability $ N/A

Insurance Company Name Fidelity Life Association

Home Office Address 1380 E TOUHY AVE Suite 205W DES PLAINES IL 600

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

☐ Auto 09/13/23-03/13/

Type of Insurance          Term

Premium $ 1050 12.76

Insurance Company Name Progressive Mountain Laurel Assurance

Home Office Address

**ITEMIZATION OF AMOUNT FINANCED**

1 Cash Price (including $ 1,758.30 _____ sales tax) $ 37,287.30 (1)

2 Total Downpayment =

Trade-In N/A
(Year)    (Make)         (Model)

Gross Trade-In Allowance $ N/A
Less Pay Off Made By Seller to N/A $ N/A
Equals Net Trade In $ N/A
+ Cash $ N/A
+ Other N/A $ N/A
+ Other N/A $ N/A
+ Other N/A $ N/A
(If total downpayment is negative, enter "0" and see 4J below) $ N/A (2)

3 Unpaid Balance of Cash Price (1 minus 2) $ 37,287.30 (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf
(Seller may keep part of these amounts):

A Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
Life $ N/A
Disability $ N/A
B Vendor's Single Interest Insurance Paid to Insurance Company $ N/A
C Other Optional Insurance Paid to Insurance Company or Companies $ N/A
D Optional Gap Contract $ 559.00
E Official Fees Paid to Government Agencies
to _____ for _____ $ N/A
to _____ for _____ $ N/A
to N/A for _____ $ N/A
F Government Taxes Not Included in Cash Price $ N/A
G Government License and/or Registration Fees
N/A
N/A $ N/A
H Government Certificate of Title Fees $ 10.00
I Document/Service Fee $ 425.00
A DOCUMENT/SERVICE FEE IS NOT AN OFFICIAL FEE AND IS NOT REQUIRED
BY LAW. HOWEVER, IT MAY BE CHARGED TO A BUYER/LESSEE FOR THE
PREPARATION, HANDLING AND PROCESSING OF DOCUMENTS AND THE
PERFORMANCE OF SERVICES RELATED TO THE SALE OR LEASE OF A MOTOR
VEHICLE AND MAY INCLUDE DEALER PROFIT. THIS NOTICE IS REQUIRED BY
REGULATION OF THE MISSISSIPPI MOTOR VEHICLE COMMISSION.
J Other Charges (Seller must identify who is paid and describe purpose)
to N/A for Prior Credit or Lease Balance $ N/A
to _____ for VSC $ 6500.00
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
to N/A for N/A $ N/A
Total Other Charges and Amounts Paid to Others on Your Behalf $ 7075.00 (4)
5 Amount Financed - Principal Balance (3 + 4) $ 44370.34 (5)
6 Finance Charge $ 17521.05 (6)
7 Total of Payments - Time Balance (5 + 6) $ 62804.25 (7)

OPTION: ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before
_____ N/A , Year N/A , SELLER'S INITIALS N/A

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree
to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 4D of the Itemization of Amount Financed. See your gap contract for
details on the terms and conditions it provides. It is a part of this contract.
to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 4D of the Itemization of Amount Financed. See your gap contract for
details on the terms and conditions it provides. It is a part of this contract.

---

the insurance is shown below.

**Other Optional Insurance**                    09/13/23 - 03/28

☐ Auto
Type of Insurance                    Term

Premium $ 1276.00
Insurance Company Name Mountain
Laurel Assurance - Progressive
Home Office Address _____

☐ _____
Type of Insurance                    Term

Premium $ N/A
Insurance Company Name N/A
N/A
Home Office Address _____

Other optional insurance is not required to obtain credit.
Your decision to buy or not buy other optional insurance will
not be a factor in the credit approval process. It will not be
provided unless you sign and agree to pay the extra cost.
I want the insurance checked above.

X Marco Harrisonple  09/13/23
Buyer Signature                      Date

X N/A _____
Co-Buyer Signature                   Date

**LIABILITY INSURANCE COVERAGE
FOR BODILY INJURY AND PROPERTY
DAMAGE CAUSED TO OTHERS IS NOT
INCLUDED.**

☐ **VENDOR'S SINGLE INTEREST INSURANCE**
(VSI insurance): If the preceding box is checked,
the Creditor requires VSI insurance for the initial
term of the contract to protect the Creditor for loss
or damage to the vehicle (collision, fire, theft,
concealment, skip). VSI insurance is for the
Creditor's sole protection. This insurance does no
protect your interest in the vehicle. You may
choose the insurance company through which
the VSI insurance is obtained. If you elect to
purchase VSI insurance through the Creditor, the
cost of this insurance is $ _____ and is
also shown in item 4B of the Itemization of Amount
Financed. The coverage is for the initial term of the
contract.

Returned Check Charge: You agree to pay us the actual
charges assessed by a financial institution up to $15.00,
any check you give us is dishonored for insufficient funds

| | | | | |
|---|---|---|---|---|
| to N/A | | for N/A | $ | N/A |
| to N/A | | for N/A | $ | N/A |
| to N/A | | for N/A | $ | N/A |
| to | | for N/A | $ | N/A |
| Total Other Charges and Amounts Paid to Others on Your Behalf | | | $ | 7397.00 (4) |

| 5 | Amount Financed – Principal Balance (3 + 4) | $ | 46372.30 (5) |
|---|---|---|---|
| 6 | Finance Charge | $ | 15421.95 (6) |
| 7 | Total of Payments – Time Balance (5 + 6) | $ | 62864.25 (7) |

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before _____ N/A _____, Year N/A. **SELLER'S INITIALS** N/A

the vehicle. You may choose the insurance company through which the VSI insurance is obtained. If you elect to purchase VSI insurance through the Creditor, the cost of this insurance is $ _____ N/A _____ and is also shown in item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

**Returned Check Charge:** You agree to pay us the actual charges assessed by a financial institution up to $15.00, if any check you give us is dishonored for insufficient funds.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____ 75 _____ Mos. _____ HONDA CARE _____

I want to buy a gap contract. _____ Name of Gap Contract

Buyer Signs X _____

**Agreement to Arbitrate:** By signing below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____ Co-Buyer Signs X _____

## NO COOLING OFF PERIOD

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. **Buyer Signs X** _____ **Co-Buyer Signs X** N/A

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See back for other important agreements. Any dispute resolution agreement you sign with us or an assignee of this contract will apply to claims related to this contract.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**NOTICE TO THE BUYER: 1. Do not sign this contract before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the contract you sign.**

**You agree to the terms of this contract and any dispute resolution agreement you signed with this contract. You confirm that before you signed this contract and any dispute resolution agreement, we gave them to you, and you were free to take them and review them. You acknowledge that you have read both sides of this contract, including the arbitration provision on the reverse side, before signing below. You confirm that you received a completely filled-in copy of these documents when you signed them.**

Buyer Signs **X** _____ Date 10/13/23 Co-Buyer Signs X N/A _____ Date _____

Buyer Printed Name JARED HARRISON _____ Co-Buyer Printed Name N/A

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name N/A _____ Title N/A

**Co-Buyers and Other Owners** — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here **X** N/A _____ Address N/A

Seller signs ARI HOGAN MOTORS INC _____ Date 10/13/23 _____ By **X** _____ Title GM

Seller assigns its interest in this contract to JPMORGAN CHASE BANK NA _____ (Assignee) under the terms of Seller's agreement(s) with Assignee.

☐ Assigned with recourse ☒ Assigned without recourse ☐ Assigned with limited recourse

Seller ARI HOGAN MOTORS INC

By X _____ Title GM

ILAW FORM NO. 553-MS-ARB (REV. 6/21)
©2021 The Reynolds and Reynolds Company TO ORDER: www.reysource.com, 1-800-344-0996; fax 1-800-531-9055.
THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

CUSTOMER/TRUTH IN LENDING COPY



**HONDA**

**Carl Hogan Honda**

BILL OF SALE

3621 Hwy, 45 N Phone 328-8236
COLUMBUS, MISSISSIPPI 39705
carlhoganhonda.com

67657

DEAL: 34052
CUSTOMER: 58189

SOLD TO MARCO HARRISON
ADDRESS 188 BETTY DRIVE
COLUMBUS MS 39705

DATE 09/13/2023

SALESMAN MATTHEW W JAMES

| Make of Car | Yr. Model | Body Type | Stk No. | Serial No. | New or Used |
|---|---|---|---|---|---|
| FORD | 2019 | GT PREMIUM FASTBAC | D8750 | 1FA6P8CF3K5124389 | USED |

TRADE IN

|  |  | | |
|---|---|---|---|
| Make of Car | | Cash Price | $ 36451.00 |
| | Accepted | #DOC | $ 425.00 |
| Motor No. | | Sales Tax | $ 1796.30 |
| | | Warranty | $ 6590.00 |
| Serial No. | | Total Price | $ 45262.30 |

| Allowance | $ | Cash on Delivery | $ | N/A |
| Less Amount Owing | | Net Trade-in Allowance | $ | N/A |
| Net Allowance | $ | Total Down Payment | $ | N/A |

Pay to the order of: MARCO HARRISON

Amount: forty five Thousand two hundred sixty two and 30/100

| | Un-Paid Balance | $ | 45262.30 |
| I Verify Miles To Be At Time of Delivery | Fee, Insurance & Finance Charge | TITLE | $ | 10.00 |
| | Total Unpaid Balance | $ | 45272.30 |

*A DOCUMENT/SERVICE FEE IS NOT AN OFFICIAL FEE AND IS NOT REQUIRED BY LAW, HOWEVER, IT MAY BE CHARGED TO A BUYER/LESSEE FOR THE HANDLING OF DOCUMENTS AND THE PERFORMING OF SERVICES RELATED TO THE SALE OR LEASE AND MAY INCLUDE DEALER PROFIT. THIS NOTICE IS REQUIRED BY REGULATION OF THE MISSISSIPPI MOTOR VEHICLE COMMISSION.

Notes And Conditional TD BANK, N.A.
Sales Contract Held By WILMINGTON OH 45177 -0675
Payable

| 74 | Notes of $ | 838.59 | Each and | 1 | Notes of $ | 838.59 | Payments Starting | 10/28/2023 |

I represent and warrant that I have title to and good right to sell and dispose of the Used Car traded in, described above, that there are no liens, claims or incumbrances thereon except as stated above. I certify that I am 18 years of age or over.

Received By
By _____ Purchaser
Accepted _____

Subscribed and sworn to before me this _____ day
of _____
Notary Public _____
My commission expires _____

09/13/23   16:32:28   8087764737                    →                    800-776-4737          Page 003

Progressive
PO Box 31260
Tampa, FL 33631
NAIC Company Code  44180



**Policy Number: 973523601**
Underwritten by:
Mountain Laurel Assurance Company
Policyholder:
Marco V Harrison
Page 1 of 1
September 13, 2023

**Customer Service**
**1-800-776-4737**
24 hours a day, 7 days a week

# Verification of Insurance for

### Marco V Harrison

This verification of insurance is not an insurance policy and does not amend, extend or alter the coverage afforded by the policies listed herein. Notwithstanding any requirement, term or condition of any contract or other document with respect to which this verification of insurance may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of the policies.

Please accept this letter as verification of insurance for this policy.

## Policy and driver information

| | |
|---|---|
| Policy number | 973523601 |
| Policy state | Mississippi |
| Policy period | Sep 13, 2023 - Mar 13, 2024 |
| There was no lapse in coverage during this policy period. | |
| Effective date | Sep 13, 2023 |
| Drivers  Marco V Harrison | |
| Address | 1808 Betty Drive |
| | Columbus, MS 39705 |

## Vehicle information

| | |
|---|---|
| Vehicle | 2019 FORD MUSTANG |
| Vehicle identification number | 1FA6P8CF3K5124389 |
| Lienholder | ~~JPMorgan Chase Bank~~ TD BANK N.A.  ~~300 Fenton Ln~~ PO BOX 675  ~~Monroe, LA 74203~~ WILMINGTON, OH 45177-06 |

## Coverage information

| | | |
|---|---|---|
| Liability to Others | | |
| Bodily Injury Liability | $25,000 each person/$50,000 each accident | |
| Property Damage Liability | $25,000 each accident | |
| Comprehensive | Actual Cash Value | Deductible: $500 |
| Collision | Actual Cash Value | Deductible: $500 |



APEX
# VEHICLE SERVICE AGREEMENT

CONTRACT NUMBER:
**APO0300695**

## DECLARATIONS:

### APPLICANT INFORMATION

| PURCHASER NAME | MARCO HARRISON | PHONE | (662) 630-1995 | EMAIL ADDRESS | harrisonmarco@yahoo.com |
|---|---|---|---|---|---|
| MAILING ADDRESS | 188 BETTY DR | CITY | COLUMBUS | STATE MS | ZIP CODE 39705 |

### SELLER INFORMATION

| SELLER NAME | Carl Hogan Honda | PHONE | (662) 328-8236 | EMAIL ADDRESS | |
|---|---|---|---|---|---|
| MAILING ADDRESS | 3621 HIGHWAY 45 N | CITY | COLUMBUS | STATE MS | ZIP CODE 39705 |

### VEHICLE INFORMATION

| YEAR | 2019 | MAKE | FORD | MODEL | Mustang GT | SALES PRICE | $35,501.00 | VIN # (MUST BE 17 DIGITS) | 1FA6P8CF3K5124389 |
|---|---|---|---|---|---|---|---|---|---|

| STOCK/REFERENCE # | CURRENT ODOMETER READING 53,602 | MANDATORY SURCHARGES: ☐ DIESEL ☐ 4X4/4WD ☐ TURBO/SUPERCHARGER | HYBRID ELECTRIC SURCHARGE: ☐ HEV ☐ HEV (w/Battery*) | *HEV Battery covered only on Vehicles up to 5 model years old selling up to 100,000 miles at time of Contract purchase |
|---|---|---|---|---|

### SERVICE AGREEMENT INFORMATION

| SALE DATE/EFFECTIVE DATE | 09/13/2023 | AGREEMENT PRICE | $6,590.00 |
|---|---|---|---|

| COVERAGE: | CUST. INITIALS: | DEDUCTIBLE: | CUST. INITIALS: | ADD-ON COVERAGE OPTIONS: | CUST. INITIALS: |
|---|---|---|---|---|---|
| ☑ APEX PRO | | ☐ $0 DEDUCTIBLE | | ☐ HIGH TECH | |
| ☐ APEX PREMIER | | ☑ $100 DEDUCTIBLE | | (Available on Apex Premier and Select Plus Coverage only; included on Apex Pro) | |
| ☐ APEX SELECT PLUS | | ☐ $200 DEDUCTIBLE | | | |
| ☐ APEX SELECT | | ☐ $500 DEDUCTIBLE | | | |
| ☐ APEX POWERWRAP | | ☐ REDUCING DEDUCTIBLE (Deductible AT selling dealer $0, AWAY from selling dealer $250) | | | |

| ☐ CERTIFIED PROGRAM | CERTIFIED START DATE OF APPLICANT: 01/01/2019 | PLEASE ATTACH LEGIBLE COPIES OF ORIGINAL REPAIR ORDER AND CERTIFIED LIMITED WARRANTY |
|---|---|---|

### TERMS (Unlimited Mileage Terms are not available on Commercial Use Vehicles. See Definitions Section for details.) THIS CONTRACT DOES NOT REQUIRE A WAITING PERIOD.

| TERM MONTHS 96 | EXPIRATION DATE 09/13/2029 | TERM MILES 100,000 | EXPIRATION MILES 53,602 |
|---|---|---|---|

### APPLICANT'S ACKNOWLEDGMENT

The undersigned purchaser of this Contract has read this entire Contract. The Declarations Section identifies the Coverage selected. The specific components covered are identified in the Schedule of Coverages Section. FOR REQUIREMENTS AND/OR DISCLOSURES THAT APPLY SPECIFICALLY TO YOU, PLEASE REVIEW THE SPECIAL STATE REQUIREMENTS SECTION OF THIS CONTRACT. Purchase of this Contract is optional, cancellable at any time for any reason, not a condition of credit, and not required in order to purchase or lease a vehicle or obtain vehicle financing. You may pay for this Contract by cash or by including it in the financing of Your Vehicle. If this Contract has been financed, the lien holder identified below shall be entitled to any refunds resulting from cancellation. If You cancel this Contract and do not receive a refund from the Selling Dealer or the Administrator, please contact the Insurance Company.

SPECIAL STATE REQUIREMENTS SUPERCEDE ANY AND ALL APPLICABLE PORTIONS OF THE APPLICANT'S ACKNOWLEDGEMENT SECTION OF THIS APPLICATION. IN ADDITION TO SIGNING WHERE INDICATED BELOW, WASHINGTON RESIDENTS ARE REQUIRED TO INITIAL WHERE INDICATED IN SECTION XVI.

My signature below means that I have reviewed and understand the time and mileage limitations, coverage, maintenance requirements, and exclusions, and that the repair of non-covered components is excluded from coverage. I further understand Unlimited Mileage Terms are not available on Commercial Use Vehicles. I have reviewed all the coverage and options available. All the options I wish to purchase are clearly marked above. I have read and understand Responsibilities Section of this Contract. I hereby declare that I have received the Contract and the above information is correct. I UNDERSTAND THAT THE CONTRACT WILL BE BETWEEN THE OBLIGOR (Endurance Dealer Services, LLC) AND APPLICANT.

| APPLICANT'S SIGNATURE | | DATE 09/13/2023 |
|---|---|---|
| SELLER Carl Hogan Honda | AUTHORIZED SIGNATURE & TITLE Marco W Harrison Jr | |
| LIENHOLDER TD BANK N.A. | | |
| LIENHOLDER ADDRESS PO BOX 675 | Wilmington DE ZIP 45177 |

**USPS TRACKING #**

9590 9402 7229 1284 9486 75

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Marco Harrison Jr.
@ 188 Betty Dr.
Columbus, MS 39705

10/04

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jesus M. Iriarte
PO Box 675
WILMINGTON OH
45177-0675

9590 9402 8422 3156 7404 57

2. Article Number (Transfer from service label)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Joshua Brown    ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
Joshua Brown

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No
SEP 2 0 2023

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt